COURT OF APPEALS
DECISION
DATED AND FILED

**September 9, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP2127-CR**

Cir. Ct. No.  2017CM1652

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ANDREW W. BUNN,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: HANNAH C. DUGAN, Judge. *Affirmed*.

¶1    DONALD, J.[1]   Andrew W. Bunn, *pro se*, appeals the judgment of conviction, following guilty pleas, to two counts of carrying a concealed weapon.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

As best as we can tell, Bunn contends that police lacked reasonable suspicion to stop his vehicle. We affirm.

## BACKGROUND

¶2 On May 13, 2017, Bunn was charged with three counts of carrying a concealed weapon. According to the criminal complaint, police were dispatched to the area of South 24th Street, Milwaukee, after a citizen witness complained that she witnessed two individuals engaging in oral sex in a parked car. When police made contact with the driver—Bunn—they recovered three firearms from his vehicle.

¶3 Bunn filed a motion to suppress the evidence, arguing that he "was seized and detained in the absence of an arrest warrant" and that police lacked reasonable suspicion to stop his vehicle because there was no evidence that he had committed or was committing an offense. Bunn argued that none of the information provided by the citizen witness was actually verified by police observation.

¶4 At a hearing on the motion, Sergeant Kieran Sawyer testified that on May 11, 2017, he was working on patrol with other officers in a marked squad. They were parked in a church parking lot, near a playground. At about 6:20 p.m., while it was still light out, a woman approached the squad car and pointed to a blue pick-up truck on the other side of a nearby chain link fence, and told the officers that two adults in that pickup truck were engaging in oral sex in sight of her and children playing in the area. Sawyer saw the truck, but could not see any activity inside the truck from his location. When the truck began to drive away, the officers followed.

2

¶5      Sawyer caught up with the truck and conducted a traffic stop, which ultimately led to Bunn's arrest.  Following the arrest, Sawyer went back to the parking lot, but the woman who had made the complaint was gone.  Sawyer testified that he had no further contact with her.

¶6      The circuit court denied Bunn's motion, finding that based on Sawyer's long-standing experience and familiarity with the neighborhood, Sawyer testified credibly.  The circuit court noted that Sawyer was able to "observe exactly what [the citizen witness] was … referring to, the proximity of this truck to the playground, and of course the reasonableness of her being on the playground or being in the location and that … she did report to the police and the totality of the circumstances makes that much more reliable report of a citizen."  The circuit court also noted that Sawyer did not act on a "hunch," rather, he only pursued Bunn after being approached by the citizen witness.  The circuit court found that Sawyer simply investigated a complaint.

¶7      Bunn pled guilty to two counts of carrying a concealed weapon.  The remaining count was dismissed and read in at sentencing.  The circuit court sentenced Bunn to pay fines on both counts and to serve, in aggregate, three days in the House of Correction.  This appeal follows.

## DISCUSSION

¶8      On appeal, Bunn provides a rambling, incoherent brief.  As best as we can tell, the crux of his argument is that the circuit court erred in denying his motion to suppress because there was no reasonable suspicion to stop his vehicle based on the complaint of a citizen witness.  We disagree.

¶9 A circuit court's decision on a motion to suppress evidence presents a mixed question of fact and law. *State v. Casarez*, 2008 WI App 166, ¶9, 314 Wis. 2d 661, 762 N.W.2d 385. The reviewing court will uphold the circuit court's findings of fact unless they are clearly erroneous. *Id.*; WIS. STAT. § 805.17(2) (made applicable to criminal proceedings by WIS. STAT. § 972.11(1)). We review the circuit court's application of constitutional principles *de novo*. *See Casarez*, 314 Wis. 2d 661, ¶9.

¶10 An officer may perform an investigatory stop of a vehicle for a noncriminal traffic violation if the officer has reasonable suspicion that a violation occurred. *State v. Colstad*, 2003 WI App 25, ¶11, 260 Wis. 2d 406, 659 N.W.2d 394. To decide whether circumstances demonstrate reasonable suspicion, we look at all of the information available to the officer at the time the stop was made. *See State v. Guzy*, 139 Wis. 2d 663, 679, 407 N.W.2d 548 (1987).

¶11 Whether there is reasonable suspicion to conduct a traffic stop is a question of constitutional fact. *State v. Popke*, 2009 WI 37, ¶10, 317 Wis. 2d 118, 765 N.W.2d 569. We apply a two-step standard of review to questions of constitutional fact. *See State v. Williams*, 2001 WI 21, ¶18, 241 Wis. 2d 631, 623 N.W.2d 106. First, we review the circuit court's findings of fact and uphold them unless they are clearly erroneous. *See id.* Second, we review the determination of reasonable suspicion *de novo*. *See id.* Reasonable suspicion should be analyzed in light of the totality of the circumstances. *See Popke*, 317 Wis. 2d 118, ¶27.

¶12 Bunn essentially argues that the traffic stop was not supported by reasonable suspicion because it was based on an unreliable complainant's tip. "[T]here is no per se rule of reliability" when assessing a tip from a complainant. *State v. Rutzinski*, 2001 WI 22, ¶18, 241 Wis. 2d 729, 623 N.W.2d 516. Instead,

reliability considerations "should be viewed in light of the 'totality of the circumstances,' and not as discrete elements of a more rigid test." *Id.* *Rutzinski* gave great weight to indicia of reliability when an informant "expose[s] him- or herself to being identified." *See id.*, ¶32.

¶13 Here, the circuit court found that Sawyer's experience and familiarity with the neighborhood made him a credible witness and an appropriate assessor of the weight to give to the citizen witness's tip. The circuit court noted that Sawyer explained why he was in the neighborhood, why he found the citizen's concern credible, and why he chose to pursue the truck. The witness personally approached the officers, potentially exposing her identity, and expressed concern for the presence of her own child and other children playing on a nearby playground. It was reasonable for Sawyer to conclude that the witness acted out of concern for public welfare—specifically the children in the immediate area. The witness pointed to a specific vehicle, which contained both a male and female passenger. Given all of the information known to Sawyer at the time of the stop, we conclude that Sawyer had reasonable suspicion to stop Bunn's vehicle.

¶14 For the foregoing reasons, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.